Mr. Ronald L. Boggs Prosecuting Attorney St. Charles County 200 North 2nd Street St. Charles, Missouri 63301
Dear Mr. Boggs:
This opinion is in response to your question asking whether the prosecuting attorney must attempt to collect judgments for payment of child support for persons who are not recipients of public assistance, by garnishment or other proceedings, under House Bill 601, First Regular Session, 79th General Assembly.
We note that St. Charles County, the County Circuit Clerk and yourself have entered into a "Support Enforcement Cooperative Agreement" with the Division of Family Services of the Department of Social Services which is presently effective. However, we are of the view that it is not necessary to rely on the provisions of such contract to answer your question.
Subsection 4 of Section 2 of the act (which immediately follows the reenactment of Section 559.353) provides:
 "4. The director of the division shall render child support enforcement services to persons who are not recipients of public assistance as well as to such recipients. An application shall be filed with the division for services, and an application fee may be required by the division. An additional fee for expenses incurred in excess of the application fee may be required by the division in providing services; provided, however, that any additional fee shall not exceed ten percent of any support money recovered and provided that the amount of the fee shall be agreed to by the applicant in writing. Expenses incurred by a county under a cooperative agreement with the division in the prosecuting attorney's office or in the circuit clerk's office in enforcing or collecting a child support obligation in any civil litigation or other noncriminal proceeding for a person who is not a recipient of public assistance, but who has made an application with the division for child support enforcement services shall be construed as expenses incurred by the division. The application fee and any additional fee may be deducted from the support money recovered. Fees collected pursuant to this subsection shall be deposited in the child support enforcement fund in the state treasury."
Subsection 5 of Section 2 provides:
 "5. Each prosecuting attorney in this state, as an official duty of such office, shall litigate or prosecute any action necessary to secure support for any person referred to such office by the division of family services, including, but not limited to reciprocal actions under chapter 454, RSMo, actions to enforce obligations owed to the state under an assignment of support rights and actions to establish the paternity of a child for whom support is sought."
Thus, it is clear that the quoted statutory provisions indicate a legislative intent that such prosecuting attorneys shall litigate child support enforcement actions for persons who are not recipients of public assistance who have met the requirements of subsection 4 of Section 2 of the act and have been referred to such prosecuting attorneys by the Division of Family Services.
It is our view that the authority of the prosecuting attorney to litigate is not limited in the forms of civil proceedings to be followed and that such authority necessarily includes such action as is necessary for the enforcement of the judgments obtained including garnishment or other process afforded by law for the enforcement of judgments.
CONCLUSION
It is the opinion of this office that pursuant to Section 2 of House Bill 601, First Regular Session, 79th General Assembly, the prosecuting attorney has authority and is required to litigate child support enforcement actions with respect to persons who are not recipients of public assistance but who have been referred by the Division of Family Services to him. The duty to litigate such actions includes the initiation of whatever action is necessary to enforce judgments including garnishment.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
See: State ex rel. Lack v. Melton, 629 S.W.2d 302 (Mo. banc 1985).